John Teplins presents Thank you. May it please the Court, Daniel Katz, on behalf of appellants, we would like to reserve two minutes for rebuttal. We urge the Court to reverse summary judgment and permit these appellants to exercise their rights under the Fair Labor Standards Act to recover unpaid wages. The three statutes at issue, the Davis-Bacon Act, the Contract Work Hours and Safety Standards Act, which is also referred to as QASA, and the Fair Labor Standards Act are mutually supplementary. The plain language of these statutes permits these employees to exercise their rights under the FLSA. We urge the Court to be guided by the Supreme Court's decision in Parole and this Court's decision in Masters. These decisions unambiguously conclude that seeking the remedies provided by the FLSA, pursuant to the FLSA's private right of action, is consistent with, not in conflict with, the protections employees have under other Federal labor statutes, including Davis-Bacon and QASA. The appellant's lawsuit is not an end run around the DOL's administrative enforcement schemes for Davis-Bacon or QASA. This is an FLSA lawsuit for FLSA wages as specifically provided for by Congress in the FLSA. These appellants' FLSA rights should not be arbitrarily abridged because Congress has not exempted them from FLSA coverage. Congress passed the Davis-Bacon Act in 1931 and seven years later Congress passed the FLSA. In the FLSA, Congress articulated narrow and specific exemptions from its coverage at the time it passed the Act. These construction workers, these appellants, do not fall within any of those exemptions. It is black letter law that when Congress enumerates specific exemptions from a statute, the courts are not free to create other exemptions. In addition, the Supreme Court has held that the exemptions specifically articulated in the FLSA are to be narrowly construed. Congress had the opportunity to exempt workers on Davis-Bacon covered contracts from FLSA coverage and it did not do so. The purpose of the FLSA is consistent with this result. The FLSA is a broad, remedial statute that covers the absolute minimum, the humanitarian floor for employees' wages. To reject these appellants' FLSA claims is to undermine the humanitarian purpose of the FLSA and to ignore controlling authority from the Supreme Court and from this Court. There's no evidence that Congress intended to repeal the private right of action in the language of Davis-Bacon, CLASA, or the FLSA that prohibits this FLSA litigation. Statutory repeals by implication are not favored. The Supreme Court has articulated clear requirements for implying a repeal, which are not met here. Among those requirements is that compliance with one statute makes it impossible to comply with the requirements of another statute. The Supreme Court and this Court have addressed this issue and concluded that federal labor statutes such as Davis-Bacon and CLASA do not conflict with the FLSA's private right of action and it is wholly possible to simultaneously comply with the requirements of all these statutes. In Powell, the Supreme Court concluded that employees working under the Walsh-Healy Act could bring a private lawsuit under the FLSA for unpaid overtime. The Walsh-Healy Act, like Davis-Bacon, has no explicit private right of action. However, the Supreme Court concluded that Congress intended the FLSA to apply with substantial universality and that because it is possible to comply with the requirements of both Walsh-Healy and the CLASA, this Court extended the reasoning of Powell to the Service Contract Act and CLASA in the master's decision. The Walsh-Healy Act, the Service Contract Act, CLASA, and Davis-Bacon Act are analogous statutes. None has an explicit right of private action and each addresses the wages to be paid to employees working on federal contracts. In matters, this Court concluded that there is no statutory conflict between the Service Contract Act, CLASA, and the FLSA and permitted an employee to recover overtime wages under the FLSA in a private lawsuit. The Second Circuit reached the same result in Gruchowski, which involved employees on a Davis-Bacon work site. The Powell's position is that Powell and masters control this case and command that these employees be permitted to pursue their unpaid wages under the FLSA as provided for by Congress. Mr. Katz, I think the affilies in this case don't suggest that these statutes can't, various statutes can't always apply, but they say that they can do so only in a limited circumstance. For example, when workers are working both on a federally funded project and a commercial project, and their point here is that that didn't happen here, this was a sole federally funded site, and so therefore the statutes that more specifically address this circumstance apply to the exclusion of the FLSA. What's your response to that? The response to that is that if Congress wanted to preclude individuals working on a Davis-Bacon work site from the private right of action under the FLSA, Congress could have done so. It did not do so. And so there's no indication, the congressional intent of the FLSA and Davis-Bacon are not violated by allowing these individuals to pursue unpaid wages under the FLSA. Is there any indication in the FLSA that Congress was thinking about your clients in this context? I cannot address that specific part in the legislative history. However, the FLSA was passed seven years after Davis-Bacon. The FLSA has been amended numerous times since it was approved in 1938, and at no point has Congress carved out an exemption for individuals working on a Davis-Bacon work site from the private right of action under Davis-Bacon. Is this a case of first impression about that issue, where it's exclusively a federal work site? I guess the question is, are we having to answer this in the first instance? What the appellants have briefed before this court is consistent with the Gruchowski case in the Second Circuit. In that case, the Gruchowski plaintiffs sought unpaid overtime wages. They were working on a work site that was covered by a Davis-Bacon contract. The court in that instance, the trial court and the appeals court, confirmed that overtime wages could be sought under the FLSA at the wage rate that individuals were paid, not at the Davis-Bacon rate. The result we seek is not an end run around the administrative enforcement procedure in Davis-Bacon and QASA. This is simply what Congress intended by passing the FLSA and not exempting these individuals from its coverage. The administrative enforcement procedures under Davis-Bacon and QASA are supplementary, they're not contradictory to the FLSA private right of action. These construction workers' claims are completely within the purview of the Fair Labor Standards Act. They do not allege Davis-Bacon or QASA violations, and they do not seek to recover in the trial court the higher wages provided for under Davis-Bacon. Appellants simply seek FLSA relief for FLSA violations, which numerous courts, including the Supreme Court and this court in Masters, when it decided the Masters case and said these individuals could pursue their FLSA rights, even though they were protected by the Service Contract Act and QASA, which are analogous statutes. As this court said in Masters, these individuals, these appellants should be able to pursue their FLSA rights in the trial court. I would like to preserve my remaining time for rebuttal. Thank you. Thank you, Mr. Katz. Mohan. Good morning. Erin Mohan on behalf of the Secretary of Labor. May it please the court. As Mr. Katz pointed out, this is not a suit to remedy violations of the Davis-Bacon Act or QASA. This is a suit to remedy violations of the FLSA, which provides substantive minimum wage and overtime protections that are separate from the Davis-Bacon Act's prevailing wage requirements and QASA's overtime requirements. When statutes provide separate but overlapping protections, courts are obligated to give them each effect whenever possible. This is especially true when we're dealing with remedial statutes like the statutes at issue in this case. Here, it is entirely possible for Power Design or any other employer to comply with all three statutes. And there is nothing whatsoever that suggests that Congress meant to strip workers of their FLSA rights when they perform work under a QASA or Davis-Bacon Act covered contract. I'd like to address Judge Giaz's question to Mr. Katz about whether the FLSA said anything about workers who were protected under the Davis-Bacon Act. As Mr. Katz pointed out, Congress passed the FLSA after it passed the Davis-Bacon Act. It exempted about two dozen or so classes of workers from that statute. It did not exempt workers protected under the Davis-Bacon Act, even though it exempted some workers, for example, workers under the Railway Labor Act that were covered under a different statutory employment scheme. In addition, in Section 218 of the FLSA, Congress clearly recognized that there were both state and federal laws that entitled workers to higher minimum wages than the FLSA entitled workers to. And it specifically said that nothing about the FLSA should conflict with those higher laws. In addition, several years later, in 1964, when Congress amended the Davis-Bacon Act, it included the overtime computation provision, which clearly contemplates that workers under Davis-Bacon Act will be protected by QASA and the FLSA. Well, are you suggesting that that language, in effect, gave the federal statutes that directly apply to these workers a private right of action? No, Your Honor, I'm not suggesting that. The FLSA provides a private right of action. So the Davis-Bacon Act itself does not provide any overtime. That's right. And the district court in this case seemed to suggest that because Congress had not provided that private right of action in those statutes, that this would be an end run around those provisions. And not just those, but also the administrative process that is essentially the primary way of enforcing violations of worker rights under Davis-Bacon and the analogous federal statutes. The district court was incorrect on that count, Your Honor, because the plaintiffs in this case did not seek to bring a Davis-Bacon Act private right of action or to bring a QASA private right of action. They brought a right of action under the FLSA, which provides separate overtime rights from the overtime rights protected by QASA. And as far as the Davis-Bacon Act overtime computation provision goes, that provision applies to any federal law. And it's very clear from the legislative history that Congress meant it to apply to QASA as well as the FLSA. As Mr. Katz pointed out, the Supreme Court, this court, and every court of appeals to look at the question of whether a government contract labor statute precludes the application of the FLSA has said that it does not. And indeed, this court has specifically held that QASA coverage does not preclude application of the FLSA. I do want to address the appellee's point. They make the argument that while QASA and the FLSA apply concurrently only in limited circumstances, for example, where all of the work is performed on the work site, that is a red herring. There is nothing in any of the statutes that makes the distinction that appellees are arguing here. I think where they're getting that from is the department's guidance. But the department's guidance also doesn't make that point. What the department's guidance says is that the FLSA may apply where QASA applies, and it may apply where QASA doesn't apply. So when you have a situation where, for example, you have a worker who's doing 50 hours of work a week, and they're spending 25 of that time on a government building project, and they're spending 25 hours of that time on a private project, you don't have QASA entitlement to overtime there. Because QASA only applies, QASA is the narrower statute that only applies to government contract work. But you would have FLSA coverage for all 50 hours, and so you'd owe overtime for the extra 10 hours under the FLSA, even though there wouldn't be any overtime owed under QASA. I'd also like to address the amicus for appellees, ABC's contention that the department is somehow taking a new position in this case. That is incorrect. The department's public position since the mid-1960s has been that the Davis-Bacon Act, QASA, and the FLSA apply concurrently. And of course, the private right of enforcement is part of the FLSA's remedial scheme. So when we say that the FLSA applies concurrently with QASA and the Davis-Bacon Act, we're saying the whole of the FLSA, including the private right of action, applies concurrently. Well, let me ask you this way. You've taken the position that they apply concurrently, but have you taken the position that all three can be enforced at the same time? Your Honor, we would say that our position that they apply concurrently would encompass the position that they could be enforced at the same time. All three? That's correct. There could be parallel proceedings here. It's very unlikely that that would happen. In particular, in most cases, it's going to be better for workers if the government is investigating Davis-Bacon Act and QASA violations, even when there's only QASA violations. The government has a very robust tool in the tool of holding, which allows us to ensure that there's going to be money at the end of the administrative process to pay the workers their back wages. We also have civil penalties under QASA. It's also helpful for workers to not have to get an attorney. Of course, under the Davis-Bacon Act, when there's any kind of Davis-Bacon Act straight time violation, the FLSA does not allow workers to get prevailing wages under the Davis-Bacon Act. It's going to be usually more advantageous for workers if the government is enforcing their case to go along with that process and not to try to bring an action under the FLSA at the same time. Where you get cases like the case here is where the government, for whatever reason, doesn't bring a Davis-Bacon Act or QASA investigation. Or in the narrow situation where you have the Davis-Bacon Act applying, but QASA does not apply, and so the FLSA is the only means of overtime protection. In those circumstances, affirming the district court's decision is essentially allowing employers who have the privilege of contracting with the federal government to escape liability for failing to pay their workers overtime. That's clearly not what Congress intended, and it's contrary to the Supreme Court, to this Court's decisions, to every other Court of Appeals decision that have looked at the issue, and to the Department's longstanding guidance on this issue. If there are no more questions, thank you very much for your time. All right, thank you, Ms. Pollack. I think it's still good morning. Good morning. May it please the Court, I'm Leslie Stout-Tavichman here on behalf of the Appley Power Design Incorporated. We do not argue that there is a broad exemption that is granted or exempts all workers who work on Davis-Bacon projects from the FLSA. We've never said that, and we don't say it right now. What we do say, and we think that this is a case of first impression for this Court, I'm pretty sure actually in Appellant's brief they also said that. No case that they have cited has been these circumstances where there have been a contention of hours worked by the workers that have been completely covered by the Davis-Bacon Act and by QASA. We believe that the Supreme Court case, of course, tells us, yes, there might be instances where prevailing wage laws in the FLSA are mutually supplementary. We look then to the Fourth Circuit case in Masters, and we see again, yes, of course, that is possible. But what happened in Masters? Masters ended up saying they say that there's SCA and QASA, but actually we've never even seen a wage determination. So actually having to make a decision about what, you know, could there be an issue about how you calculate overtime is illusory and theoretical at best. That is the language from the case, because in that case there was a contention of SCA coverage and SCA wages, but nothing was ever produced in the record. So you're only left with FLSA wages, what the person was actually paid, pretty easy to do an overtime computation. We think that the Supreme Court case and the Masters case leads us right here where we are today, which is, yes, there can absolutely be instances where these laws are mutually supplementary, but not where there's a conflict. And where is the conflict? Well, under Davis-Bacon, it says in the statute itself, when you're looking to compute overtime wages, it is clear from the legislative history that in no event can the regular or basic rate upon which premium pay for overtime is calculated under the aforementioned federal statutes, which includes, and I'm quoting, the Fair Labor Standards Act, WASA, and they also talk about Walsh-Healy and Davis-Bacon, the premium rate for overtime that's calculated cannot be less than the amount determined by the Secretary of Labor as the basic hourly rate, the cash rate, under the Davis-Bacon Act. So there's something very specific and special about Davis-Bacon and how overtime is calculated under Davis-Bacon. And there are two things that are special about that. One is this, that, you know, what I've read to you, the statute that says whether it's brought under the FLSA or WASA or Davis-Bacon, when you're talking about overtime, we are directing by statute that that can be no less than the actual prescribed Davis-Bacon cash prevailing weight. Under Davis-Bacon, there are typically two different prevailing rates that appear by the Secretary of Labor on wage decisions. One is called the cash rate and one is the fringe rate. This cannot be less than the Davis-Bacon cash rate. The second conflict that appears is that under Davis-Bacon, you must exclude any amount, whether it's in cash payment or it could be in a bona fide fringe benefit, that a contractor has provided a worker. That is very specific to Davis-Bacon. Service contract, you can exclude the fringe rate, but we always know what the fringe rate is because it doesn't vary per worker. It's always a health and welfare amount. It's set for all workers. It's very easy to say it's currently $4.27 an hour. That gets deducted out of any cash wages. Under Davis-Bacon, however, it's very different. First of all, fringe rates are particular to however someone is classified. In this case, there are actually three different electrician classifications and there's a laborer classification, several of which could potentially be applicable here. They all have different cash rates and they all have different fringe rates. So when they are asking, well, it's easy to disregard costs in the Davis-Bacon Act, just go ahead and calculate the overtime. There is an issue here about, well, normally under FLSA, you would just calculate one and a half times whatever someone was paid and we have the law that says, well, you can back out the fringe amount. We don't even know what it is here. And that takes the Department of Labor. The Department of Labor has special expertise in terms of making determinations about fringe rates, whether it's given in cash. I haven't the plainest way. I mean, they've essentially conceded that they're not interested in the fringe rate. They simply want the standard base hourly rate. They want time and a half for that. There's nothing difficult about calculating that. Well, Your Honor, but they haven't. So, for example, there is one employee, I believe it is a Mr. Lopez, and this is in the administrative record, who was paid, he contends, $30 an hour. Well, $30 an hour is actually above one of the cash hourly rates for one of the electrician rates that are listed there. That $30 could be part his base rate, that cash rate, and it could include, because you're allowed under Davis-Bacon to pay the fringe rate either in cash or by giving bona fide fringe benefits. So some portion of that could not be that sort of FLSA regular rate. It is a component that should be backed out under the application of QASA, even when you're bringing a fair labor standards claim, as they're trying to do. That just seems to me to be a matter of proof, and it goes to the amount of an award, if any, in this case. And the conflicts that you seem to highlight, one is one that seems to benefit the employee, and they're, I assume, free to disregard that and not take advantage of that. But most of this seems to be matters of proof that don't seem to go to any actual conflict, as a matter of a legislative conflict anyway, in the sense that they've described it. Well, these matters in terms of both, first of all, I think it is a conflict. The statute says what it says in terms of if you are, this is at 29 CFR 5.32, which talks about if you are trying to calculate any overtime, whether it is under the FLSA, the QASA, or Walsh-Healy, or Davis-Bacon Act, you cannot calculate the overtime on anything less than the amount determined by the Secretary of Labor as the basic hourly rate under Section 1B1 of the Davis-Bacon Act. So there is a clear conflict right there in terms of bringing, I'm not sure it's waivable to say we are going to ignore what the statute says for the Davis-Bacon Act and say we're going to ignore that. It is a conflict. The second one in terms of backing out fringes. It's a remedy under that act that the plaintiffs in this case have chosen to forego. They've opted for their remedy under the FLSA. But it's not an optic. That's what we are arguing. This is what the statute says, whether it's calculated under the FLSA or one of these other acts. I understand that, but I guess the point that they're making is it says that and it applies if, in fact, that's the remedy that's being sought. But here the remedy that's being sought is a remedy under an entirely different statute, which you can read independently to come to a result of some kind in favor of the plaintiffs. Well, I want to talk about in a moment the public policy issues on this. But on the second conflict, making a determination of it is a proof issue on the one hand, but on the other hand, it is the Department of Labor alone that would be able to make the determinations based on someone's classification as, again, there's three different types of electricians. There's labor. They have different hourly wages. They have different fringe amounts as to what is the proper amount, if any, that you would back out to make an overtime calculation. That's not something that courts do. Deference is given. Courts don't even review when the Department of Labor makes those determinations based on someone's job duties. What classification are you in? What's your hourly rate? What's the fringe rate? And that proper fringe rate needs to get backed out of any overtime calculations. Well, what's an employee left to do if the Department of Labor doesn't hack into Davis Bacon or Kwasi? They're just addled up for all that overtime? Well, the interesting thing here is, and I want to talk about the public policy, I find it extremely curious, actually, that the Department of Labor is arguing in terms of go ahead and bring a claim that's, you know, you're not going to get very much, but go ahead and bring it when it is the enforcement agency. An employee can pick up the phone, and they do, and make a complaint. An employee's attorney can pick up the phone and make a complaint to the Department of Labor. Very curiously here, and this is in the administrative record, in one of the declarations submitted by one of the workers, there was talk of the Department of Labor did come in and investigate. When the Department of Labor does that, they handle a lot of these cases. They are really good at what they do, and they come in and investigate, and if they find that payments haven't been made at the Davis Bacon hire level or any overtime, they typically make sure it gets paid. The concern that we have here, and again, you know, you could say, well, this sounds self-serving. You're the employer. But truly, the employer is part of the government contracting process as well, and the Associated Builders and Contractors Brief, I think, laid it out very well in terms of this is all enmeshed in a careful administrative scheme and detailed guidelines that involve the employee, the contractor, the Department of Labor, and each contracting agency. So, for example, if an employee, alone through their attorney, says, you know what, we're just going to bypass this. Whatever we're paid, we're going to forget about the fact that it's Davis Bacon and Quassa covered. We're going to go to court. What does that do? Contracting agencies don't know, contractors don't know until a suit is filed. In this case, we are a contractor above the subcontractors who allegedly didn't properly pay people, and there's a contractor above us and a contracting agency. We cannot now avail ourselves of withholding on our subcontractor. The government can't withhold against the funds from the contracting agency. There is a big disruption, I would submit, to the whole contracting process when claims like this that are clearly covered by Davis Bacon and Quassa would be allowed to proceed. And again, our position is if they were claiming, and there are cases like this, yes, we did work on Davis Bacon and Quassa covered work, but we're also saying that it was commercial work, you brought us over to another site, or you brought us just back over, you know, we had to hang out and do some work in the warehouse. Something that was not covered by Davis Bacon and Quassa, they would have a right to bring an FLSA claim. And frankly, and I heard what the Department of Labor said, I don't think they're interpreting their enforcement guidance correctly. It is laid out in their prevailing wage resource book. It's laid out very carefully in their own operations handbook, which is the guidance that they use themselves and they hold out to the public, when it is that an FLSA claim can apply. And I will tell you, and again, this is, I guess it's not on the record, but I'll throw it out. I'm involved in lots of Department of Labor audits. I would imagine if it was really the department's position that you could concurrently bring FLSA, DBA, and Quassa, why they wouldn't be seeking liquidated, which is double damages, when they see overtime violations in Davis Bacon and Quassa cases. But they don't. They don't. They don't themselves avail themselves of all of these additional remedies, which they're claiming are all mutually supplementary. And I don't see a long history, I don't see cases out there from the Department of Labor that would say to me, and I suggest to the court, we need to give Skidmore a deference to the arguments that they're making here. I didn't see anything in their brief besides general statements about the expansiveness of the FLSA and exemptions that are narrowly construed. And we agree with that. It goes directly to this point, which I do believe is a case of first impression for this court, and I think is guided, you know, set up appropriately by masters and the conflicts that we see within and the public policy behind it. All right. Do you have anything further? No, thank you. Thank you. Mr. Katz? Thank you. A few quick points. Number one, Eppley made reference to the need for the Department of Labor to make wage determinations in Davis-Bacon related cases. In this case, the Department of Labor did make wage determinations, fringe benefit determinations. The appellee included those documents in its motion for summary judgment. So that is not an issue in this case. I would further state, as Judge Diaz indicated, fringe benefits are not an issue in this case. Overtime under the Fair Labor Standards Act is calculated based on the amount of money that the individuals were paid who are claiming they weren't paid overtime correctly. Fringe benefits are not an issue. Further, to the extent the factual record exists in this case, all indications are that none of the appellants received anything in fringe benefits. And so that is simply not an issue before this court. I want to further state that Eppley refers to differences between the statutes. Eppley is not referring to differences between the statutes. The references Eppley makes are differences between overtime calculations and the regulations implementing those statutes. The Supreme Court has said that if an entity can comply with both statutes at the same time, there is not a statutory conflict. And that is what we saw in Powell, and that is what this court decided in Masters. I would suggest, Your Honors, that the logical conclusion of Eppley's argument is completely incompatible with congressional intent. If the appellee is right, these employees can work on a Davis-Bacon worksite, receive no pay, and if the DOL cannot or does not pursue administrative enforcement, then what? If the appellee's analysis is correct, then the appellants have no rights under the FLSA, they work on a federal worksite, and they may end up with nothing, employees having worked on a federal worksite working for free. This is not what Congress intended when it approved the remedial statutes that are at issue in this case. We pray that the court reverse the grant of summary judgment and remand this case to the trial court so that appellants can exercise their rights under the Fair Labor Standards Act. Thank you. All right, thank you very much, Mr. Katz. The court will come down in Greek Council and stand adjourned until tomorrow morning. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Albert Diaz, Henry F. Floyd, Stephanie D. Thacker